IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MEBRHATO TSEHAI,

    Plaintiff,                    CV F 04 6379 AWI WMW P

    vs.                            ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

DERRAL ADAMIS, et al.,

    Defendants.

    Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the complaint.  Plaintiff, an inmate formerly in the custody of the California Department of Corrections at CSP Corcoran, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Corcoran.

    In the complaint, Plaintiff alleges that on June 14, 2003, he was accused by staff of aggravated battery on staff.  He was placed in Administrative Segregation as a result.  Plaintiff alleges that "the Lieutentant" told him that if "he had a problem with staff I should fight them like a man."  The Lieutenant then directed correctional officers to place Plaintiff "in the gate." Plaintiff alleges that officers pushed him in the back of a van, "and beat me up and then we got

1 to ASU and they was using force on to the housing unit and they beat me some more and the
2 sergeant was beating on and kicking I could not do anything about it."

3       Plaintiff names as defendants in this action Warden Adams and Correctional
4 Officer Amaro.  Plaintiff does not, however, allege any facts as to these defendants or charge
5 these defendants with conduct that states a claim for relief.  Though Plaintiff alleges that he was
6 subjected to excessive force, he does not specify the individuals involved.  In order to state a
7 claim for relief, Plaintiff must allege facts indicating that the named defendants engaged in
8 conduct that deprived Plaintiff of a protected interest.  Plaintiff fails to do so here.

9       The statute plainly requires that there be an actual connection or link between the
10 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
11 Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
12 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a
13 constitutional right, within the meaning of section 1983, if he does an affirmative act,
14 participates in another's affirmative acts or omits to perform an act which he is legally required
15 to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d
16 740, 743 (9th Cir. 1978).

17       The court finds the allegations in plaintiff's complaint vague and conclusory.
18 The court has determined that the complaint does not contain a short and plain statement as
19 required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy,
20 a complaint must give fair notice and state the elements of the claim plainly and succinctly.
21 Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege
22 with at least some degree of particularity overt acts which defendants engaged in that support
23 plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ.
24 P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an
25 amended complaint.
26

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **June 6, 2007**                    /s/  **William M. Wunderlich**
                                             UNITED STATES MAGISTRATE JUDGE